[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence July 2, 1992 Date of Application July 6, 1992 Date Application Filed July 9, 1992 Date of Decision April 26, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Windham.
Ramon J. Canning, Esq. Defense Counsel, for Petitioner.
Mark S. Solak, Esq. Assistant State's Attorney, for the State.
MEMORANDUM OF DECISION
BY THE DIVISION
After a plea of guilty, petitioner was convicted of two counts of possession of narcotics with intent to sell in violation of Connecticut General Statutes § 21a-277 (a). As a result of such conviction petitioner was given a sentence of fifteen years execution suspended after ten years with five years probation on each count. The sentences were to run concurrently for a total effective sentence of fifteen years execution suspended after ten years with five years probation.
The facts underlying petitioner's conviction indicate that he was apprehended after making two separate sales to undercover police officers. The first sale was on February 20, 1991. The second sale was on February 27, 1991.
Petitioner's attorney argued that the sentence was unduly harsh and disproportionate. Counsel pointed out that petitioner was heavily involved with the use of drugs and was from a family of drug sellers. CT Page 5749
It had been charged that petitioner beat his girlfriend with a stick on two occasions. The attorney argued that it was this conduct which caused the judge to impose the present sentence rather than the seriousness of the drug charges.
It was further argued by the attorney that petitioner had never received any drug counseling. He argued that it would be more proper if the court had ordered drug treatment. A sentence of eight years execution suspended after four, it was argued, would be a more appropriate sentence.
Speaking on his own behalf, petitioner stated that he was not a violent person and that his family loved him. He stated that he wanted to return to his family and see his son and to make his life over again.
The state's attorney argued against any reduction. He pointed out that petitioner was on probation for a drug offense at the time of this offense and that the sentencing judge remarked on petitioner's flawed character.
Petitioner came before the sentencing court on two charges of possession of narcotics with intent to sell. The second offense occurred while petitioner was out on bond for the first offense. He had previously been convicted of possession of narcotics. Petitioner had also been involved in serious assaults on a pregnant woman and had been found to be in violation of probation.
The sentence imposed was well under the maximum sentence which could have been imposed. The sentence cannot be found to be inappropriate or disproportionate in the light of the seriousness of the offenses, the character of the offender and requirement to protect the public interest. Connecticut Practice Book § 942.
Sentence affirmed.
Purtill, J. Klaczak, J. Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision. CT Page 5750